*933 OPINION.
Smith:
With respect to the embezzlement question involved in this proceeding, the only question is whether the loss was sustained within the year 1918 or 1919. The petitioner claimed the deduction from gross income of the year 1919. It had no knowledge that it had sustained any loss through embezzlement in the year 1918. It learned in May, 1919, that $6,600 of Liberty bonds were missing, and it further learned of a shortage in the cash account as of October 22, 1919. Certified public accountants who audited its books of account for the year 1918 did not discover any shortage in cash at December 31, 1918.
The evidence before us indicates that the embezzlement occurred in the year 1919. Upon the record it must be decided that the loss was sustained in the year 1919 and that the amount thereof is a legal deduction from gross income in that year.
The second question relates to the rate of depreciation sustained upon the woodworking machinery operated by the petitioner. An officer of the petitioner, who had had considerable experience with woodworking machinery of the character of that owned by the petitioner, testified that such machinery had a life of not to exceed 10 *934 years and that it was the practice of such manufacturers usually to replace -worn machines by new machinery within a 10-year period. Upon the evidence it must be held that depreciation was sustained at the rate of 10 per cent, rather than at the rate of 5 per cent, as determined by the Commissioner.
Judgment will ~be entered on 15 days’ notice, wider Bule 50.